UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 26-mj-98 (DWF/EMB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MS. LITTELL'S MOTION TO** |
| v. | ) | **DISMISS FOR LACK OF PROBABLE** |
| | ) | **CAUSE** |
| ASIA CLAIRE LITTELL, | ) | |
| | ) | |
| Defendant. | ) | |

Asia Claire Littell, by and through her attorney, Lisa M. Lopez, moves this Court, to dismiss the information for lack of probable cause.

On January 9, 2026, at around 1:30 p.m., United States Border Patrol Agents were traveling down Lake Street in Minneapolis. The Border Patrol Agents (BPAs) observed a "person of interest", as they were in the area to identify "people on the street that may be potential suspects and approach[ ]" them. They exited their vehicle to attempt to interview this person of interest. After announcing their identity as BPAs, the person of interest did not stop and left the area, away from the agents. This person of interest was ultimately never interviewed.

According to the original complaint/ reports in this case, BPA 1 attempted to pursue the individual by chasing him down the sidewalk. As they ran down the sidewalk, BPA 1 observed Ms. Littell riding a bicycle down the sidewalk. BPA 1 alleges that Ms. Littell "pinn[ed] her bicycle at an angle into a retaining wall along the sidewalk", to block the agent from pursuing the person of interest. It is further alleged that Ms. Littell "struck BPA 1 with her bicycle" and following the initial strike, Littell "continuously rammed BPA 1

1

with her bicycle". BPA 1 ordered Ms. Littell to move, but again she "continued to ram her bicycle into BPA 1". ECF 1 at 3. The agent then sprayed her directly in her face with oleoresin capsicum (OC) (also getting himself and another agent). At that point, multiple agents pushed and held her down while handcuffing her. BPA 1 admits that no medical treatment was offered to her during her transport to the Whipple Building, except for "wind".

All of the Border Patrol Agents involved were wearing body worn cameras. BPA 1, who claims to be the victim of the assault, states that though he too wore his body camera, he did not activate it and thus the alleged assault was not captured on his BWC. Body worn camera footage from the BPAs who *did* activate their body cameras also do not capture the alleged "initial strike"; the "continuous" ramming of BPA 1 with her bicycle; or the (again) "continued" ramming described in the complaint. In fact, the videos seem to belie that narrative. Furthermore, interviews of Border Patrol Agents confirm that they reported no injuries.

Ms. Littell recognizes that an information, like an indictment, generally cannot be challenged for lack of probable cause. *United States v. Funk*, 412 F.2d 452, 455 (8th Cir. 1969). However, courts also recognize that at times the presumption of probable cause can be set aside when "no reasonable construction can be said to charge the offense." *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). This is such a case.

The information in this case charges a single count violating 18 U.S.C. § 111(a)(1). (ECF No. 11). The Eighth Circuit model instruction 6.18.111 provides the following elements for Count 1:

2

One, that the defendant forcibly assaulted, in this case a United States Border Patrol employee;

Two, the assault was done voluntarily and intentionally; and

Three, at the time of the assault, the United States Border Patrol employee was doing what he was employed by the federal government to do.

An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. A person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person acts forcibly. In such a case, the threat must be a present one.

In this case, there is no evidence that Ms. Littell committed an assault to the "person of another". She should not have to endure the protracted legal process that normally attaches only *after* there has been a showing of probable cause. But in this case there has been no such showing. Probable cause has not been found by a grand jury. Nor has it been found by an independent judge. The misdemeanor information (initially filed as a felony

complaint[1]) is signed only by a U.S. Army Judge Advocate. Even then, the information does not allege all elements of the offense (subject of another pretrial motion).

Ms. Littell will offer evidence in the form of BWC's and reports to support her motion. There is simply no evidence the Government can produce in this case that establishes probable cause that any agent suffered an injury or that a reasonable agent would have been in fear of immediate bodily harm.

Ms. Littell recognizes that she is asking the Court to take the rare step to look past the charging document and examine probable cause, but in this case the facts simply do not establish probable cause of a violation of section 111(a)(1).

Dated:  March 12, 2026                                 Respectfully submitted,

                                                        *s/Lisa M. Lopez*

                                                        Lisa M. Lopez
                                                        Attorney ID No. 395791
                                                        Attorney for Ms. Littell
                                                        107 U.S. Courthouse
                                                        300 South Fourth Street
                                                        Minneapolis, MN 55415

---

[1] Ms. Littell is requesting the disclosure of any "no bill" in this matter. If there were a no bill, then Ms. Littell further argues that the evidence and testimony submitted to the grand jury-- which led to no finding of probable cause-- constitutes *Brady,* requiring disclosure.