UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ASIA CLAIRE LITTELL,

Defendant.

Case No. 26-mj-98 (DWF/EMB)

**Ms. Littell's Memorandum in Support of Motion to Dismiss for Failure to State an Offense**

The single-count information in this case charges a violation of 18 U.S.C. § 111(a)(1), but only alleges two of the elements of the offense. ECF No. 11. Because the charging document is legally insufficient, it should be dismissed.

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an information "be a plain, concise, and definite written statement of the essential facts constituting the offense charged". Caselaw further defines what constitutes a legally sufficient charging document. An information is sufficient when it contains the "elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013); *United States v. Lopez*, No. 25-230 (JRT/DJF), 2026 WL 207356 at * 4 (D. Minn. Jan. 27, 2026). A charging document is insufficient when a key element of the charge is not included. *United States v. Olson*, 262

F.3d 795, 799 (8th Cir. 2001). When determining whether the information has failed to state an offense, the Court must test the information solely on the allegations contained on the face of the information and must not consider evidence outside of the four corners. *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021).

The Eighth Circuit model instruction 6.18.111 provides that in order to prove a violation of 111(a)(1), three elements must be shown:

> One, that the defendant forcibly assaulted, in this case a United States Border Patrol employee;
>
> Two, the assault was done voluntarily and intentionally; and
>
> Three, at the time of the assault, the United States Border Patrol employee was doing what he was employed by the federal government to do.

Only the first and third element are included in the information. The government does not dispute that element two is missing from the charging document. *See*, ECF 26. They assert that, even with their omission of the mens rea element, the information is sufficient.

## I. Element Two is a Key Element that Must be Alleged in the Information

Rule 7(c) and caselaw state that certain information must be contained in charging documents. It goes without saying that this rule applies to the government, as they are the only entity that can file charges against citizens. Ms. Littell has now pointed to a deficiency in the information and the government concedes they did not plead this element. The burden rests on the government to show they have met their Rule 7 obligations despite the omission.

As earlier stated, *Tebeau* and *Lopez* state that a charging document is sufficient when it does three things: includes the elements of the offense; informs a person of what they must defend against; and is clear, for double jeopardy purposes, what was adjudicated. The government agrees that this is what is required of a charging document as they cited to both of these cases, for this same proposition. *See*, ECF 26 at 2.

As to the missing element, the government simply responds that "because it tracks the statutory language, the Information is sufficient". *Id*. at 2. This is an overstatement of the law. It is not the case that so long as an information tracks statutory language, it is *ipso facto* sufficient. Caselaw on the issue almost always includes modifiers that say it is "generally", "ordinarily", or "normally" sufficient to track the statute. *United v. Nabors*, 45 F.3d 238, 239 (1995) (emphasis added) ("It is *generally* sufficient that an indictment set forth the offense in the words of the statute itself. . . "); *United States v. Prelogar*, 996 F.3d 526, 531 (2021) (emphasis added) ( "An indictment which 'tracks the statutory language' is *ordinarily* sufficient."). This does not mean it is always sufficient. If courts intended to hold that tracking statutory language "always" renders an information sufficient, as the government asks the Court to read here, courts would so hold.

The question then, is not whether the information in this case tracks the 111 statutory language, but whether the charging document includes the "essential elements" of that offense. "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged. . . ". *United States v. Johnson*, 225 F. Supp. 2d 1009, 1015 (N.D. Iowa 2002), citing *United States v. Wessels,* 12 F.3d 746, 750 (8th Cir.1993); *see also*, *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011). "An indictment is

fatally insufficient when an essential element 'of substance' is omitted, rather than one "of form" only." *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988).

The "voluntary and intentional" element is an element of substance, not one of form. In misdemeanor cases like Ms. Littell's, it is not difficult to see why that is the case. As written, the information filed in Ms. Littell's case allows this matter to proceed to trial, even where the government recognizes that the contact between Ms. Littell and the agent was incidental, unintentional, and involuntary, and due to the agent tackling her off of her bike. Without the mens rea element, this information likewise allows a criminal charge where a defendant was involuntarily pushed into a federal agent by a surging protestor crowd behind him. Without the mens rea element, an information like this allows a person with a disability—who is unable to exit her car or follow agent instructions—to be charged with resisting and impeding. Eighteen United States Code § 111 is already a broad statute that pulls many acts into its ambit. By not alleging that those acts must have been performed voluntarily, it pulls in even more acts and provides no divide between the criminal and noncriminal conduct. The required mens rea is an element of substance. It is essential. It must be in the information.

For their part, the government has not provided any answer for why this element was omitted from Ms. Littell's charging document, other than that they believe tracking the statutory language is good enough. But "[i]t is well-established in this circuit that citation of the statute, without more, does not cure the omission of an essential element of the charge because bare citation of the statute 'is of scant help in deciding whether the grand jury considered" the missing element in charging the defendant'." *United States v.*

*Olson*, 262 F.3d 795, 799 (8th Cir. 2001). If the government believes that voluntariness in the 111 context is not an essential element, they have not provided any argument or legal support explaining why. As it is the government's obligation in every case to meet the Rule 7 standards, they must answer for why they have omitted a key element—one of just three total elements—from their attorney-signed charging document[1].

## II. *United States v. Lopez* Is Not Determinative of the Issue Raised in this Case

In their response, and at the motions hearing, the government argued that in *United States v. Lopez*, Senior Judge Tunheim ruled on an identical issue, involving the same statute, as the one that Ms. Littell raises in the instant motion. *See,* No. 25-230 (JRT/DJF), 2026 WL 207356 (D. Minn. Jan. 27, 2026). The government claims that because Judge Tunheim determined that the charging document in that case met the Rule 7 standard, this Court should rule the same way. That is an incorrect reading of that case.

In *Lopez*, the defense argued that a *fact* (the identity of the federal officer or employee) was omitted from the charging document and therefore it was legally insufficient[2]. The defense argued that because the indictment did not include the identity

---

[1] It should be noted that "[w]hen the indictment is questioned *prior* to trial, reference to a statute cannot cure a defect in the indictment where it fails to allege the elements of the crime." *United States v. Graham*, 572 F.3d 954, 956 (8th Cir. 2009), *as corrected* (Oct. 23, 2009). It is only "when the sufficiency of an indictment is challenged after jeopardy attaches. . . [that courts] liberally construe the indictment, finding it sufficient 'unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendants were convicted'." *United States v. Olson*, 262 F.3d 795, 799 (8th Cir. 2001).

[2] Also, unlike here, where a JAG attorney signed the misdemeanor information, the charging document in *Lopez* enjoyed other procedural safeguards as the case involved an indictment returned by a grand jury.

of the federal officer, "there is no way to determine if and how the sheriff deputy was assisting a federal officer in performance of official duties as required for this charge to apply to conduct towards a non-federal officer." *Id.* at 4. Senior Judge Tunheim then ruled that the charging document need not include that *fact*. He wrote that "[c]ourts find indictments insufficient when they neglect to include key elements of a charge, not when an indictment fails to lay out an extensive factual bridge between the defendant's alleged actions and the charge." *Id*. at 5. Because *Lopez* involved a challenge to the sufficiency of an indictment based on the omission of certain facts, it is not determinative of the present issue, challenging the sufficiency of an information based on the omission of an essential element. Ms. Littell's case should be dismissed as the government has failed to state an offense.

Dated: April 17, 2026

Respectfully submitted,

*s/Lisa M. Lopez*

LISA M. LOPEZ
Attorney No. 395791
Attorney for Ms. Littell
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415